IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. TREVOR BIRDSBILL, Defendant. | CR 22-38-GF-BMM-JTJ FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Trevor Birdsbill (Birdsbill) has been accused of violating conditions of his supervised release. (Doc. 84). Birdsbill admitted the alleged violations. Birdsbill's supervised release should be revoked. Birdsbill should be sentenced to TIME SERVED, with 50 months of supervised release to follow.

## II. Status

Birdsbill plead guilty on August 24, 2023, to the offense of Abusive Sexual Contact in violation of 18 U.S.C. Sections 1153(a) and 2244(a)(1) as charged in

Count I of the Superseding Information. (Doc. 59). Birdsbill was sentenced to 5 years of probation. (Doc. 69). Birdsbill's supervision began on October 25, 2024.

**Petition**

On April 23, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Birdsbill's probation. (Doc. 84). The Petition alleged Birdsbill violated the conditions of supervision by: (1) committing the felony offense of Driving a Motor Vehicle While Under the Influence of an Intoxicating Liquor or Drugs, Aggravated, in violation of Fort Peck Tribal Code Title 17, CCOS 107-B on April 11, 2025; (2) committing the felony offense of Criminal Endangerment, in violation of Fort Peck Tribal Code Title 7, CCOS 234 on April 11, 2025; (3) committing the misdemeanor offense of Criminal Mischief, in violation of Fort Peck Tribal Code Title 7, CCOS 322 on April 11, 2025; and (4) consuming alcohol on April 11, 2025.

**Initial Appearance**

Birdsbill appeared before the Court on May 13, 2025. Birdsbill was represented by counsel. Birdsbill stated that he had read the Petition and that he understood the allegations against him. Birdsbill waived his right to a preliminary hearing. Birdsbill requested the revocation hearing be continued pending resolution of the charges filed in the Fort Peck Tribal court. The Court scheduled the revocation hearing for August 12, 2025.

**Revocation hearing**

The Court conducted a revocation hearing on August 12, 2025. The parties consented to proceed before the undersigned. Birdsbill stipulated that his entry of guilty pleas to the charges filed against him in the Fort Peck Tribal Court as set forth in the Petition constituted admissions that he violated the conditions of his supervised release as alleged in the Petition. Birdsbill's violations are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Birdsbill appeared before the Court on August 12, 2025. Birdsbill's violation is a Grade C violation. His criminal history category is I. Birdsbill's underlying offense is a Class C felony. Birdsbill could be incarcerated for up to 24 months. Birdsbill could be ordered to remain on supervised release for 60 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Birdsbill's supervised release should be revoked. Birdsbill should be sentenced to TIME SERVED, with 50 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Birdsbill that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Birdsbill of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Birdsbill that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Birdsbill waived his right to appeal and allocute before Judge Morris.

The Court **FINDS**:

> That Trevor Birdsbill has violated the conditions of his supervised release by: (1) committing the felony offense of Driving a Motor Vehicle While Under the Influence of an Intoxicating Liquor or Drugs, Aggravated, in violation of Fort Peck Tribal Code Title 17, CCOS 107-B on April 11, 2025; (2) committing the felony offense of Criminal Endangerment, in violation of Fort Peck Tribal Code Title 7, CCOS 234 on April 11, 2025; (3) committing the misdemeanor offense of Criminal Mischief, in violation of Fort Peck Tribal Code Title 7, CCOS 322 on April 11, 2025; and (4) consuming alcohol on April 11, 2025.

The Court **RECOMMENDS**:

> That the District Court revoke Birdsbill's supervised release and sentence Birdsbill to TIME SERVED, with 50 months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 9th day of September 2025.

John Johnston
United States Magistrate Judge